UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRANDON T. HANAHAN | No. 18 CR 682<br><br>Hon. Edmond E. Chang |

**GOVERNMENT'S POSITION PAPER AS TO SENTENCING FACTORS**

The United States of America, through MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, submits its sentencing memorandum as to defendant Brandon Hanahan. For the reasons set forth in more detail below, the government requests that the Court impose a custodial sentence of 300 months' imprisonment followed by a 15-year term of supervised release, subject to the conditions set forth in the Presentence Investigation Report ("PSR").

**I.  OFFENSE CONDUCT[1]**

    **A.  Minor 1's Recovery**

On January 3, 2017, a 15-year-old minor female (hereafter "Minor 1") was found crying hysterically and threatening to kill herself near a 7-Eleven store in Tustin, California.[2] Law enforcement from SAPD interviewed Minor 1, who disclosed

---

[1] Information in this section and throughout this memorandum is based on Probation's Presentence Investigation Report and Sentencing Recommendation, the Government's Version of the Offense, and materials previously produced to the defense.

[2] Minor 1 later explained she was at the 7-Eleven store after getting into a fight with her mother, who discovered Minor 1 had been sending pornographic images of herself and her 5 year-old sister, hereafter "Minor 2", to HANAHAN.

an online relationship with an individual known to Minor 1 as Brandon HANAHAN.[3] Minor 1 knew HANAHAN after they met online, became friends, and began a sexual relationship around May of 2016 through Instagram, Skype, telephone calls and text messages. For six months, from approximately July of 2016 through December of 2016, Minor 1 continuously sent HANAHAN photographs of her genitals and images of herself masturbating at his instruction. Simultaneously, HANAHAN repeatedly asked Minor 1 for nude photos of Minor 2, and Minor 1 complied by repeatedly taking Minor 2's photos and sending them to HANAHAN using Instagram private messaging. HANAHAN advised Minor 1 that he used the photos when he masturbated. Minor 1 also told law enforcement HANAHAN sent Minor 1 photos of his own penis and pornographic photos of other minors, including "little girls" having sexual intercourse or oral sex with adult men. He discussed his sexual desires, which led to the two having phone sex.

In total, Minor 1 took and sent approximately 20 photos of herself from her California residence to HANAHAN, including 10-15 photos of her breasts and at least two photos of her own vagina.[4]

---

[3] HANAHAN disclosed to Minor 1 that he lived in a trailer park with his father, his parents were divorced, his name was Brandon Taylor Hanahan, and his birthday was November 24.[3]

[4] Instagram records reflect that on May 5, 2016, HANAHAN sent a picture of an erect penis to Minor 1 via her Instagram account. After sending the photo, HANAHAN requested photos, eventually stating: "and I wanna see your pussy and asshole." Minor 1 complied, sending an image of a vagina and anus. Minor 1's Instagram account analysis reflects that on May 6, 2016, HANAHAN again sent an image of an erect penis to Minor 1. HANAHAN told Minor 1 that he was horny and wanted images of Minor 1. Minor 1 eventually sent a close up image of a vagina and anus, with a finger penetrating the vagina.

**B. Instagram Communications between Minor 1 and HANAHAN**

Instagram communications between HANAHAN and Minor 1 revealed approximately 4,000 pages of chats and message exchanges over the course of eight months, including almost daily conversations which were sexual in nature and dozens of photos being shared back and forth daily, including of a sexual nature.[5]

In these conversations with Minor 1, who was a 14-year-old female when the conduct began and no older than 15 at its conclusion, HANAHAN discussed his sexual interest in children as young as six years of age as well as incest.[6] During one such exchange with Minor 1, HANAHAN coerced Minor 1 to take part in sexually explicit conduct with Minor 2, a minor who was 5 years of age.[7]

According to Minor 1's Instagram account, on June 1, 2016, the following conversation occurred:

| SENDER | MESSAGE |
|---|---|
| HANAHAN | So did you get those pictures of your little girl? |
| Minor 1 | My little girl? |
| HANAHAN | Sister |
| Minor 1 | Ah like two?... I got two of them |
| HANAHAN | Little sister |
| Minor 1 | Yeah I know |
| HANAHAN | You got two pictures? |
| Minor 1 | Mhm |
| HANAHAN | Can I see princess |
| Minor 1 | I don't know…I'm only showing you this one time |

---

[5] Minor 1 admitted sending photographs of (1) her own genitals from her Instagram account to HANAHAN's Instagram account ("its_mario_boy_") at HANAHAN's request, and (2) photographing Minor 2's genitals and then sending those images to HANAHAN as he instructed.

[6] Corroborated through Instagram records and Minor 1

[7] At the time he asked for the images, HANAHAN knew Minor 1 was under the age of 18 and Minor 2 was under the age of 6.

| HANAHAN | Awww |
| --- | --- |
| Minor 1 | Don't aww me it was uncomfortable |
| HANAHAN | Wym [translation: what'd you mean] … Baby |
| Minor 1 | Just. You wanna see yes or no<br>Im only doing this one time |
| HANAHAN | I do […] Send both then |

In response and as instructed by HANAHAN, on or about June 1, 2016, Minor 1 photographed Minor 2 and then sent the photographs to HANAHAN through Instagram. The first photo depicted Minor 2's bare buttocks, and the second photo depicted Minor 2 holding her shirt up and exposing her stomach, pubic area and thighs for the camera. Upon receiving photos of Minor 2, HANAHAN referenced Minor 2's genital area and stated the following that same day:

| **SENDER** | **MESSAGE** |
| --- | --- |
| HANAHAN | So pretty<br>I love it<br>I wish I could see her holes |
| Minor 1 | I know but that's all I could gets for daddy |
| HANAHAN | I love it princess<br>It's amazing |
| Minor 1 | did I do a good job daddy? |
| HANAHAN | Very very good […]<br>Maybe you can take another one for me |
| Minor 1 | Right now? Of what exactly? |
| HANAHAN | Her holes<br>Or her boobs |
| Minor 1 | She's asleep with mom |

Then on or about June 2, 2016, HANAHAN again asked Minor 1: "Do you think you can get more pictures of your [Minor 2]?"[8] In response, Minor 1 complied and had Minor 2 pose for the purpose of producing sexually explicit photographs. On or

---

[8] Instagram records of Minor 1's account reflect that between approximately June 2, 2016 and July 26, 2016, HANAHAN sent Minor 1 approximately ten videos of child pornography consisting of prepubescent females, five images of his penis and an image of his face.

about June 3, 2016, Minor 1 told HANAHAN, "I have something to show you," which piqued HANAHAN's curiosity. Using her LG cellular phone, Minor 1 then sent one image of Minor 2 depicting Minor 2 naked and sitting in a bathtub, sharing both images of child pornography through Instagram. Specifically, the image Minor 1 created at HANAHAN's request was focused on Minor 2's vagina, including prepubescent labia as well as her stomach and upper thighs. Minor 1 then sent a second picture of Minor 2 in the bathtub and in the same position, with Minor 2's labia and vagina more clearly visible.[9] In his written responses, HANAHAN commented on the images with phrases including "Ugh Yes!", "Amazing" and "Ugh so beautiful."

### C. June 2017: Search of HANAHAN's Residence

On or about June 27, 2017, agents executed a residential search warrant at HANAHAN's home, and seized numerous electronic devices belonging to HANAHAN, including an HTC cellular phone.[10] HANAHAN was found to possess six images and/or videos of child pornography on his phone, including the video titled VID_C.P_2 which depicted a prepubescent female minor, approximately 9-11 years of age, sitting forward on top of an adult male while being penetrated by the adult. NCMEC identified VID_C.P_2 as a known series of child pornography. At that time, HANAHAN possessed more than 200 images depicting child pornography on his

---

[9] This series of child pornography forms the basis of Count Three of Indictment (Dkt. No. 1).
[10] HTC model 0PCV1 cellular phone, bearing serial number #FA51DSRO4757

electronic devices, including his HTC cellular phone.[11] Additionally, HANAHAN confirmed his date of birth, internet service provider, use of his HTC cellular phone to connect to the internet, removing the Wi-Fi passcode after the California Department of Child Services advised HANAHAN that he was being investigated for the incident related to Minor 1 and upon his father's insistence, and accessing his own Instagram profile using marioboy96@outlook.com and his father's laptop but advising he deleted it after that same California incident, referencing a 14-year-old girl he knew who sent him nude pictures of herself and her little sister.[12] HANAHAN admitted watching and sending child pornography, asking Minor 1 to take pictures of Minor 2's genitals, and knowing the images he requested from Minor 1 constituted child pornography. At that time, HANAHAN was not charged.

### D. May 2018: Second Search of HANAHAN's Devices and HANAHAN's Admissions

In April of 2018, agents from Homeland Security Investigations took over the investigation from the evidence gathered in California. Simultaneously, on May 22, 2018, the FBI received a cyber tip from NCMEC that an Instagram account

---

[11] Other images and videos found on HANAHAN's phone include: (1) 1488771151655.jpg which was an image depicting a female minor, approximately 6-8 years of age, licking an adult male's penis; (2) 1489452326763.jpg which was an image depicting (the same) female minor, approximately 6-8 years of age, with an adult penis in her mouth; (3) 197.jpg which was an image depicting a prepubescent female minor, approximately 6-8 years of age, with the camera focused on the minor's genitals; (4) VID_C.P_1 which was a video depicting a female minor, approximately 9-11 years of age, sitting on a toilet while adult male is ejaculation on the minor's chest and mouth; and (5) VID_Strip which was a video of a female minor, approximately 10-12 years of age, stripping naked in front of the camera, then spreading her buttocks apart, dancing and squeezing her breasts. This child pornography forms the basis of Count Five of the Indictment (Dkt. No. 1).

[12] Agents identified the girl as Minor 1 and her sister as Minor 2.

associated with HANAHAN uploaded an image of child pornography onto the platform.[13]

Thereafter, on August 8, 2018, members of law enforcement returned to HANAHAN's same mobile residence in Bridgeview, where they encountered HANAHAN using his online Tumblr account to both send and receive child pornography material through his password-protected cell phone as well as in possession of numerous videos constituting child pornography on that same phone. As a result, agents continued their investigation and sought a search warrant for Hanahan's Tumblr account.

During that visit, HANAHAN spoke with agents, advising he obtained a new cell phone after agents seized his previous HTC cell phone during the execution of the last residential search warrant in June 2017. HANAHAN also admitted his interest in children, and agreed to let law enforcement search his cell phone.[14] Upon removing the password and turning on HANAHAN's phone, law enforcement observed his Tumblr application open and running through an account utilizing username "daddy-lazzy", with an open thread of communication showed username "daddy-lazzy" conversing with another user and informing that user about an interest in "playing with a little girl" and that he had once "fucked a 13 yr old." [15]  Law

---

[13] According to Instagram, the image was uploaded using IP address assigned to HANAHAN's Bridgeview Residence.

[14] HANAHAN signed a Consent to Search form for his Samsung cellular phone and removed the password.

[15] Law enforcement confirmed the user ID of the Tumblr account through use of "View My Profile" tab within the Tumblr application on HANAHAN's physical phone.

enforcement reviewed additional conversations between username "daddy-lazzy" and another Tumblr user, and observed that "daddy-lazzy" had sent and received images and videos depicting children who appeared to be less than 10 years of age and in sexualized positions or acts, including a video of a prepubescent girl being orally penetrated by an adult male penis.

A forensic analysis of HANAHAN's phone in 2018 located approximately ten additional videos containing child pornography, including: (1) a video with filename "870721ef-a675-4786-87ae-0817895d8c51.mp4," which is close-up image and depicts a female child, approximately 4-6 years old, being penetrated anally by an adult male penis and the male's hands hold the child's legs spread apart; and (2) a video with filename "4a2a728f-0f72-46a4-80a4-52abcc54d831.mp4," which depicts a female child, approximately 4-6 years old performing oral sex on an adult male who later rubs his penis on the child's genitals.

## II. GUIDELINE CALCULATIONS AND APPLICABLE STATUTORY MINIMUM SENTENCE

The government has no objections to the PSR as it correctly calculates an offense level of 42 and a criminal history category of I, with an advisory Guidelines imprisonment range of 360 months to life, including the mandatory minimum term of 180 months' imprisonment for Count Three. PSR ¶ 24, 100-102. Since the statutorily authorized maximum sentences are less than the maximum of the applicable guideline range, the guideline term of imprisonment is 360-600 months. *Id*. ¶ 100. *See also*, USSG § 5G1.2(b).

### III. THE FACTORS SET FORTH IN 18 USC § 3553(A) WARRANT A GUIDELINES SENTENCE

Consistent with Probation's recommendation and for the reasons outlined below, a sentence of 300 months' imprisonment is sufficient, but not greater than necessary, to reflect the seriousness of HANAHAN's offense, promote respect for the law, provide just punishment for HANAHAN's crime, and afford adequate deterrence to similar criminal conduct. PSR p. 4.

#### E. HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The government recognizes certain mitigating circumstances for HANAHAN, including health issues, his family's limited financial means, his parents' divorce, and, most notably, struggling both in school and with peers which may have contributed to mental health issues. Although those experiences undoubtedly left HANAHAN scarred and in need of services, they still do not excuse his own behavior. Additionally, HANAHAN has no criminal convictions, which is accounted for in the guideline calculations. PSR ¶ 55-58.

In aggravation, HANAHAN's history and predatory characteristics show that he exploited children and doubled down on his commitment to his sexual predation when he got caught. While he has no criminal history, in no way was HANAHAN's behavior a one-time lapse in judgement. HANAHAN groomed and sexually exploited Minor 1 for months under the guise of a friendship and relationship to fulfill his sexual desires, then convinced Minor 1 to produce sexually explicit conduct depicting her 5-year-old sibling and distribute it. When law enforcement seized his cellular phone, HANAHAN obtained a new one and picked up where he left off: sourcing child

pornography off the internet. When the California Department of Child Services advised HANAHAN of the investigation into his predatory behavior, he simply deleted "a lot of stuff" that likely incriminated him. And yet, despite being under investigation by the California Department of Child Services in 2016, receiving repeated warnings about the severity of his behavior, attending therapy sessions to correct his behavior, and having federal agents execute a residential search warrant and seize his electronic devices in 2017, defendant exhibited consistent, predatory behavior in 2018, demonstrating that HANAHAN continued to collect child sexual exploitation material on his cell phone, either for possession or distribution of said material, irrespective of the repercussions. Moreover, HANAHAN continued to solicit other predators for the sole purpose of gaining access to sexual exploitation material depicting children. HANAHAN's history and characteristics show he is a predator with a history of criminal conduct lasting several years and commitment to his intentions.

Furthermore, HANAHAN demonstrates that he does not take responsibility for his criminal conduct. His decision not to obtain a GED, get a job, attend therapy with a different provider, or take any other efforts to reform or contribute to society correlates directly with his unwillingness to change his mental state, desires, and most of all, his long-term intentions. PSR ¶ 74. When pressed, HANAHAN views himself as a by-product of his environment and victim of circumstance, explaining away his behavior as feeling "badly treated", "mistreated and misunderstood", "victimized by the charges against him", and "stressed, depressed, mixed up, did not

plan it, slipped one time, is not perfect and made a mistake." PSR ¶¶ 79-80, 85. Indeed, HANAHAN has proven countless times that—while he certainly may have been a victim of bullying and other struggles as a child—he is now a calculated, manipulative predator giving lip service to his audience but unwilling to change the status quo or deviate from the trajectory of his criminal desires. PSR ¶ 85.

Moreover, HANAHAN blames his victim(s) for his own sexual behavior because they appeared and acted older, already had sexual experience[s] and wanted and liked the sex things that happened." PSR ¶ 79. Never once does HANAHAN acknowledge himself as a possible danger to others; rather, he perceives himself as "a mistreated and misunderstood victim, who needs affection and acceptance." *Id*. There is no display of remorse, responsibility, or attempt at meaningful change. Sadly, HANAHAN remains committed to his desires and has shown himself unwilling to leave his criminal conduct behind.

### F. NATURE AND SERIOUSNESS OF THE OFFENSE AND THE NEED TO PROTECT THE PUBLIC

HANAHAN is not a passive participant in a victimless crime; rather, he directly contributes to both the victimization of children and demand for further material containing child exploitation. By receiving child pornography, HANAHAN perpetuated the victims' abuse and helped to preserve a permanent record of it. Congress has concluded that this conduct warrants a significant prison term. Many courts have explained why. In *United States v. Goldberg*, the Seventh Circuit reversed the sentence imposed by the district court judge in a child pornography possession case. In so doing, the Seventh Circuit stated,

> The district judge was influenced by the erroneous belief that a sentence affects only the life of the criminal and not the lives of his victims. Young children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded – both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced. Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced.

491 F.3d 668, 672 (7th Cir. 2007) (citations omitted).

In short, "the 'victimization' of the children involved does not end when the pornographer's camera is put away." *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998). Even had HANAHAN simply possessed child pornography, he "perpetuate[d] the abuse initiated by the producer of materials" because the pornography creates a "permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *Id.* (quoting *New York v. Ferber*, 458 U.S. 747, 759 (1982)); *see Osborne v. Ohio*, 495 U.S. 103, 111 (1990) ("The pornography's continued existence causes the child victims continuing harm by haunting the children for years to come."); *United States v. Sherman*, 268 F.3d 539, 547 (7th Cir. 2001) ("The possession, receipt and shipping of child pornography directly victimizes the children portrayed by violating their right to privacy, and in particular violating their interests in avoiding the disclosure of personal matters."). A significant period of incarceration is necessary to deter this defendant and others from committing similar crimes in the future, to promote respect for the law, and to

maintain public safety. These factors support the recommended custodial sentence of 300 months' imprisonment.

### G. TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT

Additionally, this sentence is needed for the purposes of specific deterrence. Changing his predatory behavior is a conscious decision HANAHAN has not made. The Court is in an unique position to observe defendant's determination and escalation over the years. Despite his young age as well as interventions by law enforcement authorities, supportive family members and even his former defense counsel, HANAHAN displays a history with child pornography with no ability or willingness to change. HANAHAN sought not just to view child pornography, but to gain access to children. HANAHAN repeatedly solicited Minor 1 to self-produce sexually explicit conduct at his direction and distribute it. After grooming and sexually exploiting Minor 1 for production, he remained unsatisfied sexually and moved onto another, younger victim (Minor 2) after learning through social media photos and conversations that the child lived in the same home. Over several months, HANAHAN solicited and gained access to a victim under age 12 through his first victim. While HANAHAN may have possibly mistaken the 14-year-old as older until Minor 1 confirmed her age, there is <u>absolutely</u> no mistaking a 5-year-old child. PSR ¶ 79. Finally, despite HANAHAN being under investigation in 2016, undergoing mental health treatment from different providers, and having his devices seized in 2017, HANAHAN was nevertheless undeterred, continuing the sourcing, downloading and viewing child pornography into 2018 until federal agents caught

him – again. This consistent behavior demonstrates the risks HANAHAN is willing to pursue to fulfill his predatory desire and aligns with the degree of danger posed to any community with children - online or otherwise. Unfortunately, there is every reason to believe that HANAHAN's desires will continue to manifest into fruition if he is not given the boundaries needed to curtail his criminal behavior. HANAHAN's conduct calls out for a lengthy sentence that will keep him from acting on his desires to abuse children for his sexual gratification.

## IV. THE COURT SHOULD NOT ORDER DEFENDANT TO PAY THE $5,000 SPECIAL ASSESSMENT

Title 18, United States Code, Section 3014(a) requires that "the court shall assess an amount of $5,000 on any non-indigent person . . . convicted of an offense under . . . (2) chapter 109A (relating to sexual abuse)." The amounts collected under this section fund the Domestic Trafficking Victims' Fund. 18 U.S.C. § 3104(c)-(e). Section 3014 "does not provide any guidance regarding how a district court should evaluate indigency." *United States v. Avalos*, 743 F. App'x 210, 216 (10th Cir. 2018). But "a significant number of Circuit Courts of Appeal have concluded that, for the purposes of determining indigency under Section 3014, a court must look to the defendant's current and future financial situation." *United States v. Safford*, No. 1:17-CR-54, 2019 WL 4044038, at *4 (N.D.N.Y. Aug. 15, 2019) (collecting cases).

Courts should consider the "defendant's income financial resources, earning capacity, and any burden the assessment would place on the defendant or dependents." *Id.* (citing *United States v. Lail*, 736 F. App'x. 381, 382 (4th Cir. 2018)). Similarly, the Court should consider "any specialized training, education, or skills

that the defendant might have and the future employability of the defendant." *Id.* (citing *United States v. Kelley*, 861 F.3d 790, 802 (8th Cir. 2017)). And, even where court-appointed counsel has represented a defendant, courts have found that fact probative, but "not dispositive of whether the defendant is indigent under Section 3014." *Id.* (citing *United States v. Shepherd*, 922 F.3d 753, 758-59 (6th Cir. 2019); *Kelley*, 861 F.3d at 800; *United States v. Avalos*, 743 F. App'x 210, 216 (10th Cir. 2018)).

In the present case, HANAHAN did not complete high school or receive his General Educational Development (GED) certificate. PSR ¶ 91. In the following years, HANAHAN did not enjoy any gainful employment, and remains financially dependent on his parents. HANAHAN has never been married, had children, or even received a driver's license. *Id.* ¶ 67, 93-97. In fact, HANAHAN possesses no assets, and depends on his family for transportation. *Id.* ¶ 91-97. Accordingly, HANAHAN's lack of education, employment history, vocational skills and future earnings potential show that defendant is not financially sound at this time.[16] He has shown that he is indigent. *See United States v. Graves*, 908 F.3d 137, 139 (5th Cir. 2018) (finding the defendant to be non-indigent where the defendant had no substantial assets and only $245 in monthly discretionary funds, but had obtained a GED, had some college, vocational skills, and had previously had earned $40,000 annually); *United States v. Shepherd*, 922 F.3d 753, 756 (6th Cir. 2019) (finding the defendant to be non-indigent where the defendant had a negative net worth, which included monthly child-support

---

[16] PSR ¶ 91-97.

obligations, but had earned a GED, EMT certification, and was honorably discharged from the U.S. Navy); *Kelley*, 861 F.3d at 802 (finding the defendant to be non-indigent despite a negative net worth where judge noted only that the defendant was "an Eagle Scout with a college degree" who had the "education and skills to be employed and to earn money").

## V. RESTITUTION AND FINE

With the expansion of federal victims' services and rights laws in the United States, Congress continually acknowledges the importance of achieving justice for victims of crime, including the "full and timely restitution as provided in law."[17] *See* 18 U.S.C. § 3771(a)(6). Pursuant to 18 U.S.C. § 2259 and 3663A, the defendant must pay restitution in the amount determined by the court to the victims of the offenses. Accordingly, HANAHAN is liable to pay restitution for the two victims, Minor 1 and Minor 2, of his enticement and possession of child pornography, to be determined by the Court. To date, no restitution requests have been received by the government, and the government is not requesting restitution *at this time*. Pursuant to 18 U.S.C. 3664(d)(5), the government respectfully requests 90 additional days to allow for any supplemental or delayed restitution materials to be submitted to the Court as part of the restitution request.

At this time, in addition to Minor 1 and Minor 2, one victim from the "Tara" series and one victim from the "SatinDress" series have both been identified in the

---

[17] *The Attorney General Guidelines for Victim and Witness Assistance,* p 64.

imagery possessed by HANAHAN.[18] Defendant was convicted of images related to Minor 1 and Minor 2, and not associated with either of the victim in the "Tara" or "SatinDress" series. As such, the government requests that in lieu of restitution, the Court fine defendant $3,000 to be paid to the Federal Crime Victim Assistance Fund ("FCVAF"). Additionally, HANAHAN is subject to two special assessments totaling $200. To the extent that HANAHAN does not currently have sufficient assets to pay any restitution judgment, the government will ask the Court at sentencing to set a payment schedule that requires defendant to make monthly payments in the amount of 25% of defendant's monthly income until the restitution judgment is satisfied.

## VI. GOVERNMENT'S POSITION ON SUPERVISED RELEASE

Consistent with Probation's recommendation, the government agrees with the proposed mandatory, discretionary, and special conditions of supervised release set forth in the PSR. Upon the completion of HANAHAN's prison sentence, the government strongly recommends the Court impose a 15-year term of supervised release on Counts Three and Five, to run concurrently pursuant to 18 U.S.C. § 3624(e). PSR ¶ 105.

## VII. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court impose the Guideline sentence of 300 months' imprisonment, followed by two concurrent 15-year terms of supervised release, subject to the conditions discussed in the PSR. This sentence reflects the serious nature of the offense and the history and

---

[18] Defendant possessed one image of the victim from the "Tara" series and one video of victim from the "SatinDress" series.

characteristics of the defendant, but is not greater than necessary to reflect the goals of sentencing espoused in 18 U.S.C. § 3553.

                                     Respectfully submitted,
                                     MORRIS PASQUAL
                                     Acting United States Attorney

By:    /s/ *Malgorzata Tracz Kozaka*
        MALGORZATA TRACZ KOZAKA
        Special Assistant United States Attorney
        219 S. Dearborn St., Suite 500
        Chicago, IL 60604
        (312) 353-5009

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on May 16, 2023, in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, L.R. 5.5, and the General Order on Electronic Case Filing ("ECF") pursuant to the district court's system as to ECF filers.

*/s/Malgorzata Tracz Kozaka*
Malgorzata Tracz Kozaka
Special Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
Phone: (312) 353-5009